# UNITED STATES DISTRICT COURT
## for the
### Western District of Washington

FILED / LODGED / ENTERED / RECEIVED
MAR 08 2019
AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

The premises located at 726 Avenue B, Apartment 201, Snohomish WA 98290, as further described in Attachment A

Case No. MJ19-98 MAT

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A, attached hereto and incorporated herein by reference.

located in the   Western   District of   Washington  , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, attached hereto and incorporated herein by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841(a); 952 and 963 | Possession of a controlled substance with intent to distribute, distribution of a controlled substance, and importation and attempted importation of a controlled substance. |

The application is based on these facts:

✓ See Affidavit of SA Shane Hardin, Homeland Security Investigations. Attached hereto and incorporated herein.

☐ Delayed notice of ____ days (give exact ending date if more than 30 days: ____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

Pursuant to Fed. R. Crim. P. 4.1, this warrant is presented: ☐ by reliable electronic means; or: ☐ telephonically recorded.

*Shane Hardin*
Applicant's signature

Special Agent Shane Hardin, HSI
Printed name and title

◉ The foregoing affidavit was sworn to before me and signed in my presence, or
○ The above-named agent provided a sworn statement attesting to the truth of the foregoing affidavit by telephone.

Date: 03/08/2019

Judge's signature

City and state: Seattle, Washington

Mary Alice Theiler, U.S. Magistrate Judge
Printed name and title

USAO# 2019R00217

# AFFIDAVIT

STATE OF WASHINGTON   )
                      )  ss
COUNTY OF KING        )

I, SHANE HARDIN, having been duly sworn, state as follows:

## INTRODUCTION

1. I am a Special Agent with Homeland Security Investigations (HSI), currently assigned to the Border Enforcement Security Task Force (BEST) in Seattle, Washington. I have been employed by HSI, formerly known as Immigration and Customs Enforcement and U.S. Customs since December 2001. Prior to my employment with HSI, I was a U.S. Border Patrol Agent for approximately four and a half years. I am an investigative or law enforcement officer of the United States within the meaning of Section 210 of Title 18, United States Code, that is an officer of the United States who is empowered by law to conduct investigation of or to make arrest for, offenses enumerated in Title 18, United States Code, Section 2516.

2. I have completed the Criminal Investigators Training Program and the Immigration and Customs Enforcement Special Agent Training at the Federal Law Enforcement Training Center. I have completed the Drug Enforcement Administration Basic Drug Enforcement Training. I have also successfully graduated from the United States Border Patrol Academy, the U.S. Border Patrol Journeyman course, and a law enforcement anti-smuggling course. During my time as a Border Patrol Agent, I was also cross designated with Title 21 authority. I have also received specialized training in narcotics interdiction and trafficking investigations. I am familiar with investigations of drug trafficking organizations, methods of importation and exportation, distribution and smuggling of controlled substances, and financial and money laundering investigations. I have participated in numerous investigations involving organizations trafficking in controlled substance, including, ecstasy, marijuana, heroin, cocaine and fentanyl which have resulted in the arrest of drug traffickers and seizures of controlled substances and

AFFIDAVIT OF SA HARDIN - 1
USAO# 2019R00217

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

currency. I have participated in the execution of search warrants for controlled substances; and have personally been involved in the seizure of controlled substances.

3. The information in this Affidavit is based upon the investigation that I have conducted in this case, my conversations with other law enforcement officers who have engaged in various aspects of this investigation, and my review of the reports written by other law enforcement officers involved in this investigation.

## PURPOSE OF AFFDAVIT

4. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant to search the premises located at 726 Avenue B, Apartment 201, Snohomish, WA 98290, hereinafter "SUBJECT PREMISES," as more fully described in Attachment A to this Affidavit, for the property and items described in Attachment B to this Affidavit.

5. As set forth below, there is probable cause to believe that a search of SUBJECT PREMISES will reveal evidence of violations of Title 21, United States Code, Section 841(a)(1), possession of a controlled substance with intent to distribute, and distribution of a controlled substance; and Title 21, United States Code, Sections 952 and 963, importation and attempted importation of a controlled substance.

6. Because this Affidavit is being submitted for the limited puposed of securing a search warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that evidence, fruits and instrumentalities of violations of Title 21, United States Code, Sections 841(a)(1), 952 and 963 will be found at the SUBJECT PREMISES.

## THE INVESTIGATION

A. **Interdiction of International Mail Parcels Containing MDMA by U.S. Customs & Border Protection**

7. On August 29, 2018, a United States Postal Service mail envelope originating from the Netherlands arrived at the Chicago International Mail Branch. The

AFFIDAVIT OF SA HARDIN - 2
USAO# 2019R00217

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

envelope was addressed to "Francisco Sandoval Qico, 726 Avenue B, Apt 201, Snohomish, WA 98290, United States of America." A CBP canine alerted to the padded envelope. When the package was searched pursuant to border search authority, it was determined that the packaged contained a brownish crystalline powder. The substance in the package was tested using a Thermo Scientific Gemini. The substance tested positive for the properties of 3,4-methylenedioxymethamphetamine ("MDMA"), also known as Ecstasy. The MDMA, which totaled 22 grams, was seized and turned over to the Customs and Border Protection ("CBP") Seized Property Custodian for destruction in accordance with port policy.

8. On September 13, 2018, a United States Postal Service mail envelope originating from the Netherlands arrived at the Chicago International Mail Branch. The envelope was addressed to "Francisco Sandoval Qico, 726 Avenue B, Apt 201, Snohomish, WA 98290, United States of America." A CBP canine alerted to the envelope. When the substance in the package was tested using a Narco Pouch #923, the substance tested positive for the properties of MDMA. The MDMA, which totaled 26 grams, was seized and turned over to the CBP Seized Property Custodian for destruction in accordance with port policy.

9. On September 15, 2018, a United States Postal Service mail parcel originating from the Netherlands arrived at the Chicago International Mail Branch. The envelope was addressed to "Francisco Sandoval Qico, 726 Avenue B, Apt 201, Snohomish, WA 98290, United States of America." A CBP canine alerted to the envelope. When the substance in the package was tested using a Narco Pouch #923, the substance tested positive for the properties of MDMA. The MDMA, which totaled 3 grams, was seized and turned over to the CBP Seized Property Custodian for destruction in accordance with port policy.

10. On October 10, 2018, a United States Postal Service mail parcel originating from the Netherlands arrived at the San Francisco International Mail Center with tracking number RN104059653NL. The sender address information listed on the parcel was Julie

AFFIDAVIT OF SA HARDIN - 3
USAO# 2019R00217

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

de Groot, Grote Markt 22, De Haag, Netherlands. The parcel was addressed to "Francisco Sandoval Qico, 726 Avenue B, Apt 201, Snohomish, WA 98290, United States of America." Pursuant to border search authority, CBP Officers searched the parcel. The parcel contained a paper notebook that was hollowed-out; inside the notebook there were two vacuum-sealed plastic bags. One bag contained 59 grams of two types of unknown tablets; the other bag contained 15 grams of unknown tablets. CBP agents tested all three types of tablets using a Thermo Scientific IS5. Both types of tablets in the 59-gram bag tested presumptively positive for MDMA. The tablets in the 15-gram bag could not be identified using a Thermo Scientific IS5. After being laboratory tested, these tablets were determined to contain MDMA.

11. On October 16, 2018, HSI SA Hardin and CBP Officer Vuu attempted a knock and talk at SUBJECT PREMISES. After no one answered the door, SA Hardin left a business card in the door jam, right above the doorknob, identifying himself as an HSI Special Agent. On the back of the card, SA Hardin wrote "please call." SA Hardin never received a call regarding the business card he left at SUBJECT PREMISES.

12. On November 6, 2018, a United States Postal Service mail parcel originating from the Netherlands arrived at the San Francisco International Mail Center with tracking number RN389510408NL. The sender address information listed on the parcel was Julie de Groot, Grote Markt 22, De Haag, Netherlands. The envelope was addressed to "Francisco Sandoval Qico, 726 Avenue B, Apt 201, Snohomish, WA 98290, United States of America." Pursuant to border search authority, CBP Officers searched the parcel. The parcel contained pills and a crystal rock like substance. On November 7, 2018, a CBP chemist tested both substances, with each substance testing positive for MDMA. The 94 grams of MDMA was turned over to HSI Seattle.

13. On November 9, 2018, HSI SA Tran transferred the 94 grams of MDMA to the Snohomish County Narcotics Task Force. The Snohomish County Narcotics Task Force notified SA Tran that, on a date thereafter, they attempted a knock and talk at SUBJECT PREMISES, but were unsuccessful in contacting anyone at the residence.

AFFIDAVIT OF SA HARDIN - 4
USAO# 2019R00217

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

14. On November 11, 2018, A United States Postal Service mail envelope originating from the Netherlands arrived at the Chicago International Mail Branch. The envelope was addressed to "Francisco Sandoval Qico, 726 Avenue B, Apt 201, Snohomish, WA 98290, United States of America." A CBP canine alerted to the envelope. When the substance in the package was tested using a Narco Pouch #923, the substance tested positive for the properties of MDMA. The MDMA, which totaled 20 grams, was seized and turned over to the CBP Seized Property Custodian for destruction in accordance with port policy.

15. On January 9, 2019, a United States Postal Service mail parcel originating from the Netherlands arrived at the San Francisco International Mail Center with tracking number RN497979306NL. The sender address information listed on the parcel was Sophie De Jong, Televisiestraat 103, 2525 LV's - Gravenhage, Netherlands. The parcel was addressed to "Francisco Sandoval Qico, 726 Avenue B, Apt 201, Snohomish, WA 98290, United States of America." The parcel was x-rayed and examined by CBP Officers and found to contain a brown powder. The brown powder was sent to a CBP lab and tested positive for the presence of MDMA. The MDMA, which totaled 28.51 grams, was seized and turned over to the CBP Seized Property Custodian for destruction in accordance with port policy.

16. On February 4, 2019, a United States Postal Service mail parcel originating from the Netherlands arrived at the San Francisco International Mail Center with tracking number RN832581065NL. The parcel was addressed to "Francisco Sandoval Qico, 726 Avenue B, Apt 201, Snohomish, WA 98290, United States of America." The parcel was x-rayed and when further examined found to contain an unknown dark powder weighing 55 grams. The unknown powder was tested by an onsite chemist using the HazMat ID Command System and tested presumptively positive for the properties of MDMA. HSI Seattle was notified of this seizure and accepted custody of the MDMA. On February 13, 2019, the 55 grams of MDMA was transferred to the Snohomish County Narcotics Task Force.

AFFIDAVIT OF SA HARDIN - 5
USAO# 2019R00217

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

17. On February 11, 2019, a United States Postal Service mail parcel originating from the Netherlands arrived at the San Francisco International Mail Center with tracking number RN219899201NL. The sender address information listed on the parcel was Julie de Groot, Grote Markt 22, 2511 BG Gravenhage, Netherlands. The parcel was addressed to "Francisco Sandoval Qico, 726 Avenue B, Apt 201, Snohomish, WA 98290, United States of America." The parcel was x-rayed and found to contain a vacuum-sealed bag with tablets of an unknown type. When the tablets in the parcel were tested using a Marquis Reagent Kit #101, the tablets tested positive for the properties of MDMA. The MDMA, which totaled 61 grams, was seized and turned over to the CBP Seized Property Custodian for destruction in accordance with port policy.

18. On February 15, 2019, a United States Postal Service mail parcel originating from the Netherlands arrived at the San Francisco International Mail Center with tracking number RN882511115NL. The sender address information listed on the parcel was Julie de Groot, Grote Markt 22, 2511 BG Gravenhage, Netherlands. The parcel was addressed to "Francisco Sandoval Qico, 726 Avenue B, Apt 201, Snohomish, WA 98290, United States of America." The parcel was examined and found to contain an unknown powder. On February 20, 2019, the powder was tested with a presumptively positive result for the properties of MDMA. The MDMA, which totaled 29.37 grams, was seized and turned over to HSI Seattle.

19. On February 22, 2019, a United States Postal Service mail parcel originating from the Netherlands arrived at the San Francisco International Mail Center with tracking number RN231220656NL. The sender address information listed on the parcel was Julie de Groot, Grote Markt 22, Gravenhage, Netherlands. The parcel was addressed to "Francisco Sandoval Qico, 726 Avenue B, Apt 201, Snohomish, WA 98290, United States of America." The parcel was examined and found to contain two pages cut from a magazine, a paper towel, a note card with the phrase, "Cheers from Holland! – YF," a small plastic zip lock bag, and a white plastic bag double vacuum-sealed in plastic. Inside the white plastic bag was another plastic vacuum-sealed bag containing an

AFFIDAVIT OF SA HARDIN - 6
USAO# 2019R00217

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

unknown tan colored crystalline material. On February 27, 2019, the unknown material was tested onsite by a CBP Lab chemist with a presumptively positive result for the properties of MDMA. The MDMA, which totaled 107 grams, was turned over to HSI Seattle.

20. Based upon my training and experience, with the exception of the 3 grams interdicted on September 15, 2018, each of the above amounts of MDMA represent distribution, as opposed to individual use amounts.

**B.  Surveillance**

21. On February 27, 2019, at approximately 9:00 AM, SA Tran drove by the apartment complex where SUBJECT PREMISES is located and observed two vehicles parked directly in front of SUBJECT PREMISES. The first vehicle was a minivan bearing Washington license plates AYG5067. Washington Department of Licensing (DOL) record checks revealed the vehicle was a 1996 Plymouth Grand Voyager registered to Francisco Sandoval, 364 Elizabeth Street, Monroe, WA. The second vehicle was a black SUV bearing Washington plates AQH3042. DOL record checks revealed that the vehicle was a 1992 Chevrolet Trail Blazer registered to Francisco Sandoval, 356 Elizabeth Street #364, Monroe, WA.

22. At approximately 1:00 PM, SA Tran spoke to Snohomish County Deputy Sheriff Jason Sandt (assigned to the City of Snohomish Police Department), who had responded to SUBJECT PREMISES in the past. Deputy Sandt and his records team provided SA Tran a copy of a police report dated January 25, 2019. According to Deputy Sandt, and the Snohomish Police Department records, an individual by the name of Francisco Sandoval called the police to report a suspicious person at SUBJECT PREMISES on January 25, 2019.

**C.  Record Checks**

23. On February 28, 2019, I conducted records checks related to SUBJECT PREMISES. According to Washington DOL records, Francisco Sandoval-Castillo, DOB XX/XX/1960, Washington Driver's License XXXXXXXX05BN, resides at 726 Avenue

AFFIDAVIT OF SA HARDIN - 7
USAO# 2019R00217

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

B, Apt. 201, Snohomish, WA 98290. Washington DOL records further show that, Francisco Knud SANDOVAL, DOB XX/XX/1999, and Washington State Driver's License XXXXXXXX11O0 resides at 726 Avenue B, Apt. 201, Snohomish, WA 98290.

### KNOWLEDGE BASED ON TRAINING AND EXPERIENCE

24. I know from training and experience that drug dealers often keep records of drug sales and transactions at their residences, within their vehicles and within their "stash locations" (i.e., a storage unit or residence owned or rented in the name of a third party). These records are kept so that the drug dealers can keep track of the money owed to them for the amount of drugs being sold. I know persons involved in the trafficking of illicit drugs often keep large amounts of cash either on hand, on their person, within their residence or within their vehicle or stash location. The selling of illicit drugs is a cash business, and I know, from training and experience, that persons involved in this business need cash to re-supply themselves with product, and that they oftentimes avoid the traditional money holding facilities in an attempt to avoid detection by law enforcement. I also know that drug dealers often convert cash proceeds into valuable items such as precious metals and gems such as gold, silver, diamonds, Rolex watches, necklaces, etc.

25. I know from my training and experience that drug dealers need to continually resupply themselves so as to always have an amount of product on hand to supply the demand of their customers and to support themselves and their illegal business. I know that drug dealing is a business in which a dealer typically buys a larger amount of drugs and then breaks those larger amounts down into smaller amounts that they can sell to different customers. Drug dealing is also based on selling a particular quantity of drugs for a specific amount of money, which is usually paid in cash. Accordingly, I know that drug dealers will regularly keep scales and packaging material (plastic sandwich bags, plastic wrap, Tupperware containers, glass vials, heat or vacuum-sealers, etc.) on hand so they can weigh out and repackage their drugs for sale. I also know that even when a dealer is temporarily out of drugs they will often still possess

AFFIDAVIT OF SA HARDIN - 8
USAO# 2019R00217

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

scales and packaging materials so they can use them when they are resupplied, and that dealers typically keep these items for long periods of time.

26. I know that from my training and experience that drug traffickers utilize interstate and international travel to further the goals of their operation such as to resupply themselves with narcotics to sell, to engage in financial transactions, and to launder proceeds. Drug traffickers often maintain records of their travel in the form of airline tickets, notes and travel itineraries; airline schedules; bills; charge card receipts; hotel, motel, and car rental statements; correspondence with travel agencies and other travel related businesses; airline, rent a car, and hotel frequent flier or user cards and statements; passports and visas; telephone bills; photographs of foreign locations; and papers relating to domestic and international travel.

27. I know that from my training and experience drug traffickers often utilize the USPS mail system to transport controlled substance and/or the proceeds from the sales of controlled substances throughout the United States. I have learned and observed that sometimes drug traffickers put controlled substance and proceeds in the same package. I further know that controlled substances are often imported using the international mail system.

28. I know from my training and experience that drug dealers often use vehicles in furtherance of their illegal activities, both to help them facilitate their drug sales but also as a place to store their drugs. Furthermore, I know that drug dealers switch the vehicles they use frequently in order to thwart the efforts of law enforcement in detecting them.

29. I also know that people involved in the possession and distribution of controlled substances often maintain in their residences, and sometimes at stash locations, vehicles and storage units, indicia of occupancy and ownership, including, but not limited to records that establish the person(s) who have control, possession, custody or dominion over the property from which evidence is seized, such as: personal mail, checkbooks, personal identification, notes, other correspondence, utility bills, rent receipts, payment

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

receipts, financial documents, keys, photographs (developed, undeveloped, or digital), leases and mortgage bills. Such records are evidence that a particular person is residing at a residence and associated with what is found inside the residence.

30. Drug traffickers amass large proceeds from the illegal sale of controlled substances that they attempt to hide and/or legitimize. To hide and legitimize these proceeds, drug traffickers utilize financial institutions and their attendant services, money orders, wire transfers, securities, cashier's checks, safe deposit boxes and keys, checks, money drafts, real estate, shell operations, and business fronts. Persons involved in drug trafficking and/or money laundering keep papers relating to these activities for future reference, including Federal and State tax records, loan records, mortgages, deeds, titles, certificates of ownership, records regarding investments and securities, safe deposit box rental records and keys, wire transfer and money order records, and photographs.

31. Furthermore, I know individuals involved in the trafficking and distribution of controlled substances will often hide their drug evidence in sheds, outbuildings, vehicles, safes, hidden compartments, and inner walls of residences, and other containers within the curtilage to avoid detection by law enforcement officials and to protect those items from others, as drug dealing is an illicit cash business which makes the dealer a target of robberies.

32. I also know that persons who illegally possess and distribute controlled substances often possess firearms and ammunition to protect themselves, their drugs and their drug proceeds from others. As noted above, drug dealing is a cash business which makes the dealer a target of robberies, and dealers often maintain firearms and ammunition to protect their drugs and cash. I also know that drug dealers will often need or use firearms to help them intimidate potential rivals and to aid in the collection of drug debts. Therefore, I know that firearms and ammunition, knives and other weapons are often found at the location of narcotic search warrants and on persons involved in drug dealing and trafficking.

AFFIDAVIT OF SA HARDIN - 10
USAO# 2019R00217

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

33. I know that firearms are a valuable commodity and are kept for long periods of time. I know from training and experience that it is common practice among persons who illegally possess firearms for them to secrete the firearms and firearms accessories upon their person, upon the persons of co-conspirators, within their vehicles, vehicles of co-conspirators, within their residence, and within the boundaries of the curtilage of their residences. Secreting of the firearms and firearms accessories outside the residence, but within the boundaries of the residential curtilage, is a practice of persons who illegally possess firearms, and is done in an attempt to prevent the firearms and firearms accessories from being stolen by other persons in the illicit criminal community, or from being discovered by law enforcement in the event of the service of a search warrant.

34. I know from my training and experience that during the course of executing narcotics search warrants, the subjects of the warrant are often surprised by law enforcement and have no advance notice that they were going to be searched. Therefore, it is common for drug dealers and their co-conspirators to have drugs, money earned from selling drugs and other items of evidence on their person when the warrant is executed.

35. Evidence of illegal trafficking of controlled substances and money laundering, such as the items described above, is likely to be found where the dealers live even if the distribution or transaction did not occur at the residence. Moreover, individuals involved in large, long-term drug trafficking organizations typically maintain such evidence for an extended period of time.

//
//
//

AFFIDAVIT OF SA HARDIN - 11
USAO# 2019R00217

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## CONCLUSION

36. Based on the foregoing information, I respectfully submit there is probable cause to believe that SUBJECT PREMISES contains evidence, fruits, and instrumentalities of criminal violations of Title 21, United States Code, Sections 841(a)(1), 952 and 963. I therefore respectfully request that this Court authorize the search of SUBJECT PREMISES, as further described in Attachment A, for the items identified in Attachment B, which are attached hereto and incorporated herein by reference.

_____
SHANE HARDIN
Special Agent
Homeland Security Investigations

SUBSCRIBED AND SWORN before me this 8th day of March, 2019.

_____
MARY ALICE THEILER
United States Magistrate Judge

AFFIDAVIT OF SA HARDIN - 12
USAO# 2019R00217

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## ATTACHMENT A
### Location to Be Searched

The SUBJECT PREMISES is more fully described as: 726 Avenue B, Apartment #201, Snohomish, WA, 98290. Apartment #201 is located in an apartment complex that is between Avenue C East and Avenue B, in the City of Snohomish, WA. The north side of the apartment complex is bounded by Eighth Street. The main entrance of the apartment complex is on Avenue C East and faces to the West. From C Avenue East, the number "726" is visible on the top of the building. The rear of the apartment complex is bounded by Avenue B and faces to the East. The building is three-stories and is light gray in color with white trim. Apartment #201 is located on the west side of the building on the first floor. The numeric markings for Apartment #201 appear to be missing the number "1" – however, your affiant has observed what appears to be the outline of the number "1" from when the numeric markings were intact. Apartment #201 shares a short hall with apartment #202. The front door to Apartment #201 is tucked at the end of the hall on the right-hand side. The door for Apartment #201 is brown in color and faces north, directly across from the door for Apartment #202.

ATTACHMENT A – 1
USAO# 2019R00217

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

# ATTACHMENT B
**Items to be Seized**

The following items, records, and information which constitute fruits, contraband, evidence, and instrumentalities of violations of Title 21, United States Code, Section 841(a)(1), possession of a controlled substance with intent to distribute, and distribution of a controlled substance; and Title 21, United States Code, Sections 952 and 963, importation and attempted importation of a controlled substance, including:

1. MDMA and/or other controlled substances, and drug paraphernalia including but not limited to scales, packaging materials, cutting and/or adultering agents.

2. Correspondence, ledgers, personal telephone and address books, wire transfer records, bank account records, memory calculators, photographs, and other items tending to establish illegal trafficking in MDMA or other controlled substances, profits and the investment of profits derived from such illegal trafficking, and the identities of the persons engaged in such illegal trafficking and their associates.

3. Passports, visas, airline tickets, hotel records, and other travel documents tending to establish dates, times and places of foreign and domestic travel by persons engaged in illegal trafficking and their associates.

4. Documents and other items (i.e., canceled mail envelopes and cards, canceled utility bills, identification cards, passports, visas, airline tickets, hotel records and keys) tending to establish ownership and control of the premises and the property contained therein.

5. Documents and other items tending to show the existence of other stored drugs as follows: Rental agreements, receipts, keys, notes, and maps specifically concerning off-site storage rooms, and lockers.

6. Firearms, ammunition, and indicia of firearms.

7. United States currency, caches of drugs, financial instruments, precious metals, jewelry, automobile titles and other items of value and/or proceeds of drug transactions to include evidence of financial transactions relating to obtaining,

ATTACHMENT B – 1
USAO# 2019R00217

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  transferring, secreting or spending large sums of money acquired from engaging in the
2  acquisition and distribution of controlled substances.
3       8.      Mailing documents and packaging materials related to the importation of
4  narcotics or merchandise from the Netherlands, or other overseas locations, as well as
5  mailing documents and packaging materials, postage, and other indicia indicating that
6  narcotics may be broken up and mailed to other locations.

ATTACHMENT B – 2
USAO# 2019R00217

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970